IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE D. BROWN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1095-N |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Plaintiff Eddie D. Brown seeks judicial review of a final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that he is disabled due to a variety of ailments, including PTSD, depression, a foot injury, a stomach disorder, and arthritis. After his application for disability insurance benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on April 11, 2005. At the time of the hearing, plaintiff was 58 years old. He has a high school education and past work experience as a waste water plant attendant, a newspaper deliveryman, and a vending machine owner/attendant.

The ALJ found that plaintiff was not entitled to disability insurance benefits because he engaged in substantial gainful activity as a vending machine owner/attendant between April 1994

and June 1998--his alleged period of disability. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In a single ground of error, plaintiff contends that the ALJ improperly determined that he engaged in substantial gainful activity between April 1994 and June 1998.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1.  The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2.  The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3.  The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4.  If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5.  If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating

and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff argues that the ALJ failed to apply the proper legal standard in determining that he engaged in substantial gainful activity as a vending machine owner/attendant between April 1994 and June 1998. A claimant who engages in substantial gainful activity is not disabled regardless of his medical condition, age, education, or work experience. 20 C.F.R. § 404.1520(b). Work is considered "substantial" when it "involves doing significant physical or mental activities." *Id.* § 404.1572(a). Work is considered "gainful" when "it is the kind of work usually done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(b). When a claimant is self-employed, he engages in substantial gainful activity if any one of the following tests is met:

> (1) he renders services that are significant to the operation of the business and receives a substantial income from the business;
>
> (2) his work activity, in terms of hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in the community who are in the same or similar businesses as their means of livelihood; or
>
> (3) his work activity, although not comparable to that of unimpaired individuals, is clearly worth more than an average monthly wage set forth in the regulations when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the same work.

*See id.* § 404.1575(a)(2)(i)-(iii).

At the administrative hearing, plaintiff testified that he worked in the newspaper vending business only 40 hours a month after the date of his alleged onset of disability. (*See* Tr. at 14, 961-62). However, the ALJ found this testimony to be inconsistent with information contained in monthly reports plaintiff made to his probation officer, which indicated that he worked in the family vending business from 7:00 a.m. to 5:00 p.m. Monday through Friday. (*Id.* at 15).[1] The ALJ further noted that plaintiff "consistently reported stable ongoing employment," earning approximately $2,200 per month from full-time work. (*Id.*). Relying on these monthly probation reports, the ALJ concluded that plaintiff engaged in work that constituted substantial gainful activity through June 30, 1998. (*Id.*).

Although the ALJ may weigh the evidence, determine credibility, and resolve conflicts, *see e.g., Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988), he also must comply with the regulations. Section 404.1575(a)(2)(i) requires the ALJ to determine whether the claimant "render[ed] services that are significant to the operation of the business and receive[d] a substantial income from the business." *See* 20 C.F.R. § 404.1575(a)(2)(i). A self-employed claimant renders "significant services" when he "contribute[s] more than half the total time required for the management of the business, or [he] render[s] management services for more than 45 hours a month regardless of the total management time required by the business." *Id.* § 404.1575(b)(1). Here, the ALJ made no findings regarding the nature of the services that were required for management of the newspaper vending business, the amount of time plaintiff devoted to the management of the business, or whether plaintiff's management time constituted more than half the total time required for

---

[1] Plaintiff pled guilty to state drug charges and served six-months in prison. Following his release from prison in July 1996, plaintiff remained on community supervision for 10 years. (*See* Tr. at 53, 609, 867, 873-75, 879, 980).

management of the business. In fact, the administrative record suggests that plaintiff may not have performed any management services at all. In a Work Activity Report dated July 25, 2002, plaintiff described his responsibilities as "pick[ing] up papers at drop off point, [and] deliver[ing] them to the vending machines and customers." (*See* Tr. at 263). Plaintiff explained that his wife and daughters devoted 50%-60% of their time assisting in the delivery of papers and also "did the billing and paperwork because I don't figure too well." (*Id.* at 264). Rather than demonstrating that plaintiff rendered "significant services" to the newspaper vending business, this evidence indicates that other family members contributed substantial effort to the operation of the business and may have been solely responsible for all of the management activities.

Even assuming that there is substantial evidence to support a finding that plaintiff rendered "significant services" to the vending business, the ALJ never made findings as to whether plaintiff received a "substantial income" from the business. Income is considered "substantial" if it meets the requirements of "countable income" in 20 C.F.R. § 404.1575(c)(1),[2] or if the income is "comparable

---

[2] Section 404.1575(c) provides, in pertinent part:

> (1) Determining countable income. We deduct your normal business expenses from your gross income to determine net income. Once we determine your net income, we deduct the reasonable value of any significant amount of unpaid help furnished by your spouse, children, or others. Miscellaneous duties that ordinarily would not have commercial value would not be considered significant. We deduct impairment-related work expenses that have not already been deducted in determining your net income. Impairment-related work expenses are explained in § 404.1576. We deduct unincurred business expenses paid for you by another individual or agency. An unincurred business expense occurs when a sponsoring agency or another person incurs responsibility for the payment of certain business expenses, e.g., rent, utilities, or purchases and repair of equipment, or provides you with equipment, stock, or other material for the operation of your business. We deduct soil bank payments if they were included as farm income. That part of your income remaining after we have made all applicable deductions represents the actual value of work performed. The resulting amount is the amount we use to determine if you have done substantial gainful activity. For purposes of this section, we refer to this amount as your countable income.

\* \* \* \*

to that which [the claimant] had before becoming disabled, *or* is comparable to that of unimpaired self-employed individuals in [the claimant's] community engaged in the same or similar businesses." SSR 83-34, 1983 WL 31256 at *4 (emphasis in original). Here, the ALJ found that plaintiff earned $2,200 per month as a vending machine owner/attendant. However, no attempt was made to determine whether plaintiff's income met the requirements of "countable income," was comparable to the income he received before becoming disabled, or was comparable to the income of unimpaired self-employed individuals engaged in the same or similar businesses. Without these predicate findings, the court is unable to determine whether there is substantial evidence to support the ALJ's conclusion that plaintiff received a "substantial income" from the vending business. *See id.*, 1983 WL 31256 at *1 ("Self-employment income alone is not a reliable factor in determining [substantial gainful activity].").

Nor did the ALJ satisfy the requirements for finding substantial gainful activity under 20 C.F.R. § 404.1575(a)(2)(ii) or (iii). The ALJ never compared plaintiff's "hours, skills, energy output, efficiency, duties, and responsibilities" to those of unimpaired individuals in his community, *see* 20 C.F.R. § 404.1575(a)(2)(ii), and never assigned a value to plaintiff's work activity "in terms of its value to the business," *see id.* § 404.1575(a)(2)(iii). *See also* SSR 83-34, 1983 WL 31256 at *9. Because the ALJ failed to make findings required for the correct application of section 404.1575,

---

(2) When countable income is considered substantial. We will consider your countable income to be substantial if--

(i) It averages more than the amounts described in § 404.1574(b)(2); or

(ii) It averages less than the amounts described in § 404.1574(b)(2) but it is either comparable to what it was before you became seriously impaired if we had not considered your earnings or is comparable to that of unimpaired self-employed persons in your community who are in the same or a similar business as their means of livelihood.

20 C.F.R. § 404.1575(c).

the final decision of the Commissioner must be reversed and remanded for further proceedings. *See Schlosser v. Astrue*, 546 F.Supp.2d 664, 669 (E.D. Mo. 2007); *Gaudreau v. Commissioner of Social Security*, 160 F.Supp.2d 285, 293-94 (D. Conn. 2001).

## **RECOMMENDATION**

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 25, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE